IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01692-NYW-SBP

HPM, INC.,

    Plaintiff,

v.

M.C. DEAN, INC.,

    Defendant.

## ORDER

**Susan Prose, United States Magistrate Judge.**

    This matter comes before the court on Defendant M.C. Dean, Inc. ("Defendant" or "MC Dean")'s Motion for Extension of Time to Submit Expert Disclosures ("Motion"). ECF No. 62. The undersigned considers the Motion pursuant to the Order of Reference, ECF No. 24, the memorandum referring the Motion, ECF No. 63, and 28 U.S.C. § 636(b)(1). The court has reviewed the Motion, the related filings, and the applicable law. For the reasons set forth below, the Motion is **GRANTED**.

### I.    ANALYSIS

    The court assumes familiarity with the underlying allegations and procedural history in this matter, which is largely irrelevant for the purpose of ruling upon the Motion except as addressed below.

    Scheduling order deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). To demonstrate good cause pursuant to Rule 16, the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must

1

provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (citation omitted); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted). *Accord Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (holding that "total inflexibility is undesirable" in the context of a motion to adopt a new scheduling order); *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, 300 F.R.D. 678, 681 (D. Colo. 2014) (setting forth the standards outlined above).

The decision to modify the Scheduling Order "is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Benton v. Avedon Eng'g, Inc.*, No. 10–cv–01899–RBJ–KLM, 2013 WL 1751886, at *1 (D. Colo. April 23, 2013). "When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence." *Lehman Bros.*, 300 F.R.D. at 681 (citing *Smith,* 834 F.2d at 169).

In responding to the Motion, Plaintiff HPM, Inc. ("Plaintiff" or "HPM") argues that Defendant's reasons proffered for the extension request "are not accurate and do not satisfy the legal standard for good cause." "Response," ECF No. 64 at 5. In support of this point, Plaintiff argues that "[f]irst, MC Dean had every opportunity to request the documents it now claims are

2

'critical' at any point following HPM's initial disclosures on March 31, 2025. Yet, it chose not to do so until the beginning of December. Second, the press of business and seasonal delays are not legitimate grounds for altering the Court's schedule. Finally, and most importantly, granting this extension would severely prejudice HPM, leaving too little time to prepare for critical depositions . . . ." *Id*.

In reply to Plaintiff's first argument, Defendant notes that it did not request the documents at issue earlier because "HPM served its affirmative expert report November 7, 2025. In response, [Defendant] promptly issued targeted Requests for Production seeking the facts, data, internal cost tracking, daily reports, certified payrolls, and native schedule materials underlying HPM's expert opinions. This is textbook diligence: once HPM's expert's position crystallized, [Defendant] sought the specific inputs required to rebut them." "Reply," ECF No. 65 at 2. The court agrees with Defendant. Plaintiff's argument that Defendant should have sought the documents at issue *prior* to Plaintiff serving its expert report, *see* Response at 6, makes little sense, as any such request would necessarily not be tailored to the expert's proffered opinions. Moreover, the fact that Defendant did not request the documents for approximately four weeks after Plaintiff served the expert report is reasonable and does not suggest undue delay; Defendant would necessarily have required time to review the report and could not have served its requests "immediately" after the report was provided, as Plaintiff argues.

Relatedly, in response to Plaintiff's argument that Defendant's expert had already had nearly two months to work on his rebuttal report at the time that Defendant sought the extension, Defendant notes that the documents at issue were only provided on December 22, 2025 and that rebutting Plaintiff's expert requires Defendant's expert to engage in "analyzing HPM's inputs and testing the methodology applied to them," actions that were "enabled only by the December

3

22 production." Reply at 3. The court again agrees with Defendant. It is reasonable that Plaintiff's expert has required some time to engage with the December 22, 2025 production in crafting his rebuttal. Despite Plaintiff's arguments to the contrary, there is no suggestion that Defendant has been dilatory, careless, or otherwise less than diligent in pursuing discovery here.

Plaintiff also argues that Defendant's request is based solely on the "press of business" surrounding the holidays. Response at 12. This is clearly incorrect; as addressed above, Defendant has outlined a specific need for the extension that does not merely refer to the "press of business." Accordingly, the court finds this argument to be unavailing.

Finally, Plaintiff argues that Plaintiff would be prejudiced by the requested extension because "MC Dean's rebuttal report is due January 6, 2026. HPM needs that report to prepare for depositions in February and March. The deadline for fact discovery is April 3, 2026. These depositions are essential because they focus on the delay and scheduling issues central to this case. HPM must carefully review and analyze MC Dean's expert opinions, evaluate their methodology, and use that analysis to plan effective deposition outlines and questions." Response at 9-10. The court notes that Plaintiff's arguments here closely reflect Defendant's own arguments in seeking the extension; Defendant, too, claims it requires the extension because its expert must carefully review Plaintiff's own expert opinions and plan accordingly. Regardless, although the court takes no position as to whether any request for an extension to the fact discovery deadline would be reasonable, just as Defendant has done here, Plaintiff may seek an extension of any relevant discovery deadlines, if warranted, and is likely to be granted an extension of those deadlines if Plaintiff can demonstrate good cause for the request. Therefore, the court finds that the requested extension would not be prejudicial to Plaintiff.

4

Accordingly, the court finds that the first, third fourth, and fifth *Lehman Bros.* factors favor Defendant and that each factor, both individually and collectively, outweighs the second factor (which favors Plaintiff) here, while the sixth *Lehman Bros.* factor is neutral. The court notes that trial is not imminent, finds no prejudice to Plaintiff, and concludes that Defendant has acted with sufficient diligence and within the guidelines established by the court. *See id.* Defendant does not seek additional discovery, but merely a relatively brief and foreseeable extension of time to sort through the discovery he has received, and the parties do not dispute that the evidence at issue is relevant. *See id*. Accordingly, the only factor set forth in *Lehman Bros.* that weighs in favor of Plaintiff here is the fact that Plaintiff opposes Defendant's Motion. *See id*. This alone is not sufficient to outweigh any other consideration set forth in *Lehman Bros*. Defendant's Motion is therefore granted, good cause having been shown.

## II. CONCLUSION

For the reasons above, the court **GRANTS** Defendant's Motion for Extension of Time. The deadline for Defendant to submit its rebuttal expert report is extended to February 6, 2026.[1]

DATED: January 8, 2026                    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").